UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Variable Annuity Life Insurance Co., | No. 2:22-cv-00377-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| James Matejov & Lawrence Davis, | |
| Defendants. | |

      Plaintiff Variable Annuity Life Insurance Company (VALIC) brought this interpleader action to resolve competing claims to death benefits made by defendants James Matejov and Lawrence Davis, as trustee and sole beneficiary of Sharyl A. Davis Revocable Living Trust (Trust).  VALIC, James Matejov and Lawrence Davis filed the pending joint motion for discharge and dismissal with prejudice.  *See generally* Mot., ECF No. 6.  The court took the matter under submission without oral argument, ECF No. 7.  As explained below, the court **grants** the joint motion.

      On February 2, 2005, Sharyl Davis enrolled in VALIC's Alta California Regional 403(b) Plan (403(b) Plan).  Compl. ¶ 7 & Ex. B, ECF No. 1.  Ms. Davis initially designated her two children, Lawrence Davis and Leah Davis, as the primary beneficiaries.  *Id*. ¶ 8 & Ex. B.  On August 27, 2006, however, Sharyl Davis established the Trust and designated her then-husband James Matejov as the trustee and her son Lawrence Davis as the successor trustee.  *Id*. ¶ 9 &

1

Ex. C.  On September 20, 2006, Sharyl Davis designated James Matejov as the 403(b) Plan's primary beneficiary and designated the Trust as the contingent beneficiary.  *Id*.  ¶¶ 10–11 & Ex. D.

On March 20, 2015, the Trust designated Lawrence Davis as its sole beneficiary.  *Id*. ¶ 12 & Ex. C.  Three days later, Sharyl Davis and James Matejov filed for divorce, and under their judgment of dissolution, Sharyl Davis retained all property rights to the 403(b) Plan.  *Id*. ¶¶ 13–14 & Ex. E.  On July 12, 2020, Sharyl Davis died.  *Id*. ¶ 15.  Subsequently, James Matejov and Lawrence Davis filed their competing claims to the death benefits under the 403(b).  *Id*.  ¶¶ 17–18 & Exs. F, G.

On March 1, 2022, plaintiff VALIC filed this interpleader action to address the defendants' competing claims.  *See generally id*.  On May 4, 2022, James Matejov and Lawrence Davis informed VALIC that they had resolved their competing claims, and they requested that, instead of depositing the disputed funds with the court, VALIC distribute fifty percent of the death benefits to James Matejov and Lawrence Davis, respectively.  Mot. at 3; Proposed Order at 1, ECF No. 6-2.  VALIC agreed to follow this request, and the parties jointly filed this motion to discharge and dismiss with prejudice.  *Id.*

In determining whether to sign the parties' proposed order, the court considers the provisions of Federal Rule of Civil Procedure 22, and evaluates the defendants' claims to the single fund.  *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023–24 (9th Cir. 2010) (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)).  Interpleader actions are permitted when a stakeholder faces multiple claims to a single fund.  *Lee v. W. Coast Life. Ins. Co*., 688 F.3d 1004, 1009 (9th Cir. 2012).  Here, VALIC properly brought this interpleader action where both James Matejov and Lawrence Davis claimed the entirety of the death benefits.  That James Matejov and Lawrence Davis have now settled their competing claims, Mot. at 3, supports the parties' proposal for discharge and dismissal.

The court **grants** VALIC's motion.  VALIC is discharged and this entire action is dismissed with prejudice.  This case is CLOSED.

/////

1     This order resolves ECF No. 6.

2     IT IS SO ORDERED.

3 DATED: July 12, 2022.

                                                CHIEF UNITED STATES DISTRICT JUDGE